J-S04019-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| GUSTAVO D. VELEZ-HERNANDEZ | : | |
| | : | |
| Appellant | : | No. 1795 EDA 2022 |

Appeal from the PCRA Order Entered June 23, 2022
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0002367-2019

BEFORE: MURRAY, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KING, J.:                    **FILED JUNE 20, 2023**

Appellant, Gustavo D. Velez-Hernandez, appeals *pro se* from the order entered in the Lehigh County Court of Common Pleas, which dismissed his petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The relevant facts and procedural history of this case are as follows.  On December 6, 2019, Appellant entered a negotiated guilty plea to one count of conspiracy to commit criminal homicide.  That same day, the court sentenced Appellant to 20 to 40 years of incarceration.  Appellant did not file a post-sentence motion or a direct appeal.

Appellant filed the instant PCRA petition on November 6, 2021.  The

---

[*] Retired Senior Judge assigned to the Superior Court.

PCRA court appointed counsel, who filed a **Turner/Finley**[1] "no-merit" letter and motion to withdraw as counsel on February 7, 2022.

On May 4, 2022, the PCRA court issued an order granting counsel's motion to withdraw. On May 24, 2022, the court issued notice of its intent to dismiss Appellant's petition without a hearing per Pa.R.Crim.P. 907. Appellant filed a response to the Rule 907 notice on June 23, 2022. That same day, the PCRA court dismissed Appellant's PCRA petition as untimely. Appellant filed a timely notice of appeal on July 11, 2022. The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant filed none.

Appellant raises one issue on appeal:

I. Did the trial court err in not correcting sentence?

(Appellant's Brief at 3).

As a prefatory matter, the timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Hackett**, 598 Pa. 350, 956 A.2d 978 (2008), *cert. denied*, 556 U.S. 1285, 129 S.Ct. 2772, 174 L.Ed.2d 277 (2009). Pennsylvania law makes clear that no court has jurisdiction to hear an untimely PCRA petition. **Commonwealth v. Robinson**, 575 Pa. 500, 837 A.2d 1157 (2003). The PCRA requires a petition, including a second or subsequent petition, to be filed within one year of the date the underlying

---

[1] **See Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S.A. § 9545(b)(3).

Generally, to obtain merits review of a PCRA petition filed more than one year after the judgment of sentence became final, the petitioner must allege and prove at least one of the three timeliness exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Additionally, a PCRA petitioner must file his petition within one year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

To meet the "newly discovered facts" timeliness exception set forth in Section 9545(b)(1)(ii), a petitioner must demonstrate that "he did not know the facts upon which he based his petition and could not have learned those

facts earlier by the exercise of due diligence." ***Commonwealth v. Brown***, 111 A.3d 171, 176 (Pa.Super. 2015).

Instantly, the court sentenced Appellant on December 6, 2019. Appellant did not file a direct appeal. Therefore, his judgment of sentence became final thirty days later, on January 5, 2020, at which time Appellant's time for filing a direct appeal expired. ***See*** Pa.R.A.P. 903(a) (providing appellant must file direct appeal within 30 days). Thus, Appellant had until January 5, 2021, to file a timely PCRA petition. ***See*** 42 Pa.C.S.A. § 9545(b)(1).

Appellant filed the current PCRA petition on November 6, 2021, which is patently untimely. ***See id.*** On appeal, Appellant contends that he is entitled to relief because he believed he would receive a sentence of 8 to 16 years of incarceration per the terms of his negotiated plea agreement, and that he did not discover until October 26, 2021 that the sentence imposed was actually 20 to 40 years' imprisonment.

Appellant, however, has failed to plead and prove any exception to the PCRA timeliness requirements. To the extent Appellant's argument can be construed as an attempt to invoke the newly discovered facts exception to the PCRA's timeliness requirements, Appellant cannot demonstrate any new facts that could not have been ascertained sooner through the exercise of due diligence. Here, the record discloses that Appellant was present in the courtroom with the benefit of a Spanish court interpreter when the court

sentenced him on December 6, 2019 to 20 to 40 years of incarceration. Although Appellant claimed in his PCRA petition that the interpreter told him the sentence would be 8 to 16 years' imprisonment, the PCRA court found this assertion to be belied by the record. (*See* Rule 907 Notice, 5/24/22, at 2 n.1). Our review of the record confirms the court's findings. During the plea hearing, Appellant agreed, through the translator, that he understood that his guilty plea anticipated a sentence of 20 to 40 years' imprisonment, and that he understood when the trial court ultimately sentenced him in accordance with the plea agreement to 20 to 40 years' imprisonment. (*See* N.T. Hearing, 12/6/19, at 3, 16-17, 34).

Moreover, Appellant has not shown that he could not have discovered the length of his sentence sooner with the exercise of due diligence. As the PCRA court noted, all Appellant had to do was request his sentencing sheet from prison officials, and he would have been notified of the length of his sentence. Appellant made such a request in October 2021 prior to filing the instant PCRA petition and was made aware of his sentence within a couple of days. There is nothing to suggest that he could not have done so earlier, thereby enabling him to file a timely PCRA petition. ***See Brown, supra***. Therefore, Appellant has failed to satisfy the newly discovered facts exception and his PCRA petition remains time-barred. Accordingly, we affirm the PCRA court's order dismissing Appellant's petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/20/2023